UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RODRICK T.,

                    <u>DECISION AND ORDER</u>

        Plaintiff,

                      22-CV-6482DGL

    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.
_____


    Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

    On February 6, 2020, plaintiff filed an application for supplemental security income, alleging an inability to work since January 1, 2010. (Administrative Transcript, Dkt. #11-2 at 17). His application was initially denied. Plaintiff requested a hearing, which was held October 13, 2021 via teleconference before Administrative Law Judge ("ALJ") Sujata Rodgers. The ALJ issued an unfavorable decision on October 21, 2021 (Dkt. #11-2 at 17-29). That decision became the final decision of the Commissioner when the Appeals Council denied review on September 12, 2022. (Dkt. #11-2 at 8-10). Plaintiff now appeals.

    The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) and requests remand of the matter for further proceedings (Dkt. #17), and the Commissioner has cross moved (Dkt. #21) for judgment on the pleadings. For the reasons set forth below, the

plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, and concluded that plaintiff had the following severe impairments, not meeting or equaling a listed impairment: status post-gunshot wounds to the right knee and shoulder, and right eye blindness. (Dkt. #11-2 at 19).

Plaintiff was 37 years old on the application date, with a limited education and no past relevant work. (Dkt. #11-2 at 27). The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform light work, with the ability to occasionally lift and/or carry 20 pounds, and frequently lift and/or carry 10 pounds. He can sit, stand, and walk for up to 6 hours in an 8-hour workday. He can only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, crawl, push and pull with the right upper and lower extremities, and reach overhead with the right upper extremity. He can never climb ladders ropes, or scaffolds, and must avoid exposure to hazards such as heavy machinery, moving mechanical parts, and unprotected heights. He has no vision in the right eye, but has no limitations with respect to his left eye, and can perform work consistent with a person with monocular vision. He cannot perform work that requires performing outdoors in direct sunlight. (Dkt. # 11-2 at 23).

When presented with this RFC as a hypothetical at the hearing, vocational expert ("VE") Lynn Paulson testified that such an individual could perform the light unskilled jobs of inspector/hand packager, merchandise marker, and office helper. (Dkt. #11-2 at 28). The ALJ accordingly found plaintiff not disabled.

**I.    The ALJ's RFC Determination**

It is undisputed, and the ALJ found, that plaintiff has no vision in his right eye, which was eventually surgically removed and replaced with a prosthetic. However, plaintiff contends that the ALJ erred when he found that plaintiff had the RFC to perform tasks consistent with an individual with monocular vision (i.e., vision in one eye). Specifically, plaintiff alleges that the ALJ overstated plaintiff's ability to perform daily tasks requiring the ability to see, such as doing household chores and watching television, and overlooked evidence of poor eyesight in the record, such as plaintiff's alleged inability to obtain a driver's license, and his testimony that he had been unable to sustain prior work attempts due to visual limitations.

I find no error in the ALJ's RFC determination with respect to plaintiff's vision. As the ALJ noted, objective testing of plaintiff's eyesight in his left eye ranged from 20/20 to 20/50 uncorrected. (Dkt. #11-2 at 22). Plaintiff reported to two different examining physicians that he was able to cook, clean, do laundry, shop, read, and watch television, although he later testified at the hearing to a more limited roster of activities. (Dkt. #11-2 at 22-23). Given that the ALJ's determination was supported by uncontroverted medical assessments and plaintiff's self-reports to medical sources concerning his activities of daily living, I find that it was supported by substantial evidence of record and was not erroneous.

**II.     The ALJ's Step Five Determination**

Plaintiff also argues that the ALJ erred in finding, at Step Five of the sequential analysis, that there were jobs in the economy that plaintiff could perform. Specifically, plaintiff alleges that the ALJ erred when they failed to reconcile apparent conflicts between the Dictionary of Occupational Titles ("DOT") descriptions of the jobs identified by the VE, and the RFC determination posed to the VE by the ALJ.

The Court agrees.

It is well settled that an ALJ's "failure to reconcile vocational expert testimony with apparent conflicts [with the DOT] cannot represent substantial evidence." *Ronald S. v. Kijakazi*, 2023 U.S. Dist. LEXIS 404 at *5 (W.D.N.Y. 2023)(internal quotation marks and citations omitted). As such, "whenever the Commissioner intends to rel[y] on [a] vocational expert's testimony, [he or] she must identify and inquire into all those areas where the expert's testimony *seems to . . .* conflict with the [DOT]." *Id*. (quoting *Lockwood v. Commissioner*, 914 F.3d 87, 84 (2d Cir. 2019)). Where an "ALJ denies benefits based on evidence that conflicts with the DOT without taking any steps to resolve the conflict, remand is warranted." *David F. v. Kijakazi*, 202 U.S. Dist. LEXIS 33880 at *11 (N.D.N.Y. 2022).

Here, the jobs identified by the VE (inspector/hand packager, merchandise marker, and office helper) require frequent (that is, from 1/3 to 2/3 of the time) visual "near acuity" (that is, the ability to see clearly at 20 inches or less). Because the RFC limitation to monocular vision (found by the ALJ, consistent with objective testing, to range from 20/20 to 20/50 uncorrected) and working away from bright sunlight, both necessarily impact plaintiff's ability to perform tasks requiring near acuity, the ALJ was required to resolve that apparent conflict. The failure to do so requires remand. *See DeCambre v. Colvin*, 2016 WL 951532 at *9-*10 (E.D.N.Y.

4

2016)(unpublished decision)(ALJ erred in failing to resolve conflict between VE's testimony that plaintiff could perform jobs requiring near acuity and depth perception, despite plaintiff's impairment of right eye blindness).

In the same vein, although the ALJ's RFC determination indicated that plaintiff could no more than occasionally reach overhead with his right upper extremity, according to the DOT, the jobs identified by the VE all require the ability to frequently reach (defined as the ability to reach "in any direction" with the arms and hands, including overhead). District courts in this Circuit considering whether a reaching limitation specific to one arm presents an apparent conflict with the need to "frequently reach" have overwhelmingly found that it does, and that an ALJ's failure to resolve that conflict at Steps Four and Five of the sequential analysis is reversible error. *See Roderick R. v. Commissioner*, 2023 U.S. Dist. LEXIS 91888 at \*14 (W.D.N.Y. 2023)(ALJ was not entitled to rely on VE's testimony that her opinion was consistent with the DOT, where the positions she identified required frequent reaching, and claimant was limited to occasional reaching with his non-dominant arm); *Ronald S.*, 2023 U.S. Dist. LEXIS 404 at \*5-\*6 (remand is necessary where ALJ did not resolve conflict between VE's testimony that claimant could perform jobs defined by the DOT as requiring frequent reaching, and RFC determination that plaintiff's dominant arm was limited to occasional above-shoulder reaching); *Huff v. Commissioner*, 2020 U.S. Dist. LEXIS 146077 at \*12 (W.D.N.Y. 2020)(ALJ committed reversible error in failing to resolve apparent conflict between VE testimony that claimant with overhead reaching restriction for her dominant arm could perform jobs that required frequent reaching); *Marjanovic v. Commissioner*, 2020 U.S. Dist. LEXIS 110811 at \*10 (W.D.N.Y. 2020)(same).

Because the ALJ did not meaningfully question the VE to resolve these apparent conflicts, or otherwise address them in the decision, that decision was not supported by substantial evidence, and remand is required.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence, and was the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #17) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #21) is denied, and this matter is remanded for further proceedings.

On remand, the ALJ should reconsider plaintiff's claim consistent with this decision, soliciting supplemental testimony from a vocational expert, obtaining supplemental medical evidence or expert testimony concerning the effect of monocular vision and photosensitivity on the plaintiff's ability to perform jobs requiring visual acuity, conducting such other and further proceedings as are deemed necessary and appropriate to discharge the Commissioner's duty at Step Five, and rendering a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 12, 2023.